# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| KIMBERLY REDDICK FRIESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV622-083 |
| | ) | |
| MARTIN O'MALLEY,[1] | ) | |
| *Commissioner of social Security,* | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Kimberly Reddick Friese moves for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 18. The Commissioner does not oppose the request. *See* doc. 19. For the reasons set forth below, Friese's motion should be **GRANTED**.[2]

---

[1] Martin O'Malley is now the Commissioner of Social Security and has been substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. The Clerk is **DIRECTED** to update the docket accordingly.

[2] The Federal Rules of Civil Procedure establish that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D). When considering a dispositive pretrial matter assigned "without the parties' consent," pursuant to Rule 72, "[t]he magistrate judge must enter a recommended disposition." Fed. R. Civ. P. 72(b)(1).

1

I. **BACKGROUND**

The District Judge reversed and remanded Friese's social security appeal to the agency for further consideration, and judgment was entered in Friese's favor. Docs. 16 (Remand Order) & 17 (Judgment). Friese then filed the instant motion requesting $1,928.91 in attorney's fees. The requested attorney's fees are comprised of 1 hour at a rate of $231.88 per hour; 0.7 hours at a rate of $232.00 per hour; 6 hours at a rate of $235.50 per hour; and 0.5 hours at a rate of $243.25 per hour. *See* doc. 18-3 at 3.

II. **ANALYSIS**

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)). A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after the entry of judgment. *See Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993). Where an award is appropriate, the Court must also determine whether the number of

hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Friese is a prevailing party, *see* doc. 16, and her request is timely, *see* doc. 17 (Judgment entered February 29, 2024); doc. 18 (Motion filed March 13, 2024). She has alleged that the Commissioner's position was not substantially justified, and the Commissioner has not refuted that assertion. *See* doc. 18 at 1; doc. 18-1 at 2; *see generally* doc. 19; *see also Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987) ("The government bears the burden of showing that its position was substantially justified."). The Court should find that Friese is entitled to an award pursuant to the EAJA.

The Court should also find that the requested fees are reasonable. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863, F.2d at 773. In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question of [attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees. . . ." *Norman v. Hous. Auth. of*

*City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines than an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).

First, the number of hours expended on this case by Friese's counsel appears reasonable.  Counsel spent 8.2 hours total on this case.  *See* doc. 18-1 at 4; doc. 18-3 at 3.  The transcript totaled 1,793 pages, *see* doc. 11-1 at 4, and counsel distilled that record down into a persuasive brief arguing two discrete issues.  *See* doc. 12.

Friese's counsel bases his hourly rates on when the work was performed and the increased cost of living over time.  *See* doc. 18-1 at 3-4 (listing his hourly rate for October 2022 as $231.88; for November 2022 as $232.00; for March 2023 as $235.50; and for February 2024 as $243.25).  Counsel calculated these rates by applying the Consumer Price Index cost-of-living increases for urban southern regions during each time period to the statutory limit of $125.  *See id.*; doc. 18-3 at 3.  A cost-of-living increase is specifically mentioned in the EAJA as a factor

4

justifying a higher hourly rate.  28 U.S.C. § 2412(d)(2)(A).  The Court should, therefore, approve counsel's proposed hourly rate as reasonable.

Applying the above-discussed hourly rates to the total amount of reasonable hours expended, the Court should award Friese[3] $1,928.91 in attorney's fees, comprised of 1 hour at a rate of $231.88 per hour; 0.7 hours at a rate of $232.00 per hour; 6 hours at a rate of $235.50 per hour; and 0.5 hours at a rate of $243.25 per hour.

## III.  CONCLUSION

The Court should **GRANT** Friese's Motion for Attorney's Fees Under the Equal Access to Justice Act.  Doc. 18.  This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule

---

[3] Friese's motion indicates that she has assigned payment of EAJA fees to her counsel.  *See* doc. 18 at 2; doc. 18-1 at 4 n.2; doc. 18-2 at 2.  In *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."  Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees."  *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011).  The Court should award the EAJA fees to Friese, subject to offset by any debt owed by Friese to the United States, and leave it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt."  *Bostic*, 858 F. Supp. 2d at 1306; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 2nd day of April, 2024.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA